NOT YET SCHEDULED FOR ORAL ARGUMENT

No. 10-7156

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

YOUNGIN'S AUTO BODY,
Appellant,

v.

DISTRICT OF COLUMBIA,
Appellee.

ON APPEAL FROM AN ORDER OF THE
UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

**RESPONSE OF APPELLEE DISTRICT OF COLUMBIA TO THE COURT'S ORDER DIRECTING THE PARTIES TO FILE MOTIONS TO GOVERN FUTURE PROCEEDINGS**

On November 25, 2013, this Court ordered the parties to file motions to govern future proceedings, addressing, in particular, whether Patrick Christmas's entry of appearance as counsel on behalf of James W. Gee satisfies the requirements of the Court's August 2, 2013 order. That order required that "Youngin's Auto Body have counsel enter an appearance" and was the result of a series of orders and complicated procedural history, which bear brief mention here.

This case concerns the revocation by the District of Columbia Department of Consumer and Regulatory Affairs of Youngin's Auto Body's ("Youngin's") business

license to provide towing services and storage for violations of the District's towing regulations. Dkt. 1 at 3-4. Youngin's alleged that the District deprived it of its towing license in violation of various constitutional amendments and that the District's legislative and regulatory scheme governing tow truck operators is preempted by the Federal Aviation Administration Authorization Act, 49 U.S.C. § 14501 (2006). Dkt. 1 at 7-9. On March 17, 2011, the district court found that Youngin's claims arose out of the same nucleus of facts as its prior litigation before the District of Columbia Office of Administrative Hearings and the District of Columbia Court of Appeals and that it had a full and fair opportunity to litigate its claims in these prior cases. Dkt. 33 at 8-12. The district court dismissed the complaint, finding that the doctrine of claim preclusion barred Youngin's from pursuing its claims. Dkt. 33 at 12.

Subsequently, plaintiff's counsel withdrew from the representation and Mr. Gee, the owner of Youngin's, sought leave to proceed *pro se* and *in forma pauperis*. Dkt. 34 & 36. On April 15, 2011, the district court denied Mr. Gee leave to proceed *pro se* and *in forma pauperis*, observing that the complaint in the matter identifies the plaintiff as Youngin's and that "Mr. Gee is not named as a party to the action, nor does his name appear anywhere in the body of the Complaint." Dkt. 37 at 2.

Mr. Gee then filed a motion to proceed *pro se* and *in forma pauperis* in this Court. On October 19, 2011, the Court remanded the matter to the district court to determine whether, by virtue of the revocation of Youngin's towing license, it was

2

precluded from litigating the case and, if so, whether James Gee could litigate the case *pro se* and *in form pauperis*. On January 9, 2012, the district court found "that the revocation of a license to operate a towing business does not also dissolve the business that had been granted that license," and thus Youngin's was not precluded from continuing with the case. Dkt. 40 at 4. On August 24, 2012, the district court confirmed its finding that Youngin's was not precluded from litigating the case due to the revocation of its towing license and that Mr. Gee could not proceed *pro se* and *in forma pauperis* because Youngin's was a for-profit corporation that can only be represented by counsel, not by Mr. Gee, who is not an attorney. Dkt. 46 at 1-2.

After further proceedings in this Court, on August 2, 2013, the Court found "that Youngin's is or was a corporation," denied Mr. Gee leave to proceed *pro se* and *in forma pauperis* on Youngin's behalf, and ordered "Youngin's to have counsel enter an appearance." On October 1, 2013, Patrick J. Christmas, Esquire, entered his appearance "as counsel for the Appellant, James W. Gee."

The entry of appearance of Mr. Christmas for Mr. Gee does not satisfy the Court's order that Youngin's have counsel enter an appearance for it. The district court has already held that Mr. Gee is not a party to the action, and thus an entry of appearance on his behalf cannot satisfy this Court's order that Youngin's obtain counsel if it wishes to proceed. Since Youngin's has failed to comply with the Court's order, the appeal should be dismissed. *Gardner v. United States*, 211 F.3d 1305, 1308

3

(D.C. Cir. 2000). Alternatively, if this Court wishes to give Youngin's yet another chance to proceed with the appeal, it should require Youngin's to promptly secure counsel and have that counsel enter an appearance. The District requests that the Court then enter an order requiring preliminary filings, following which the District intends to file a motion for summary affirmance of the district court's order. Thereafter, if necessary, a briefing schedule may be ordered.

    Respectfully submitted,

    IRVIN B. NATHAN
    Attorney General for the District of Columbia

    TODD S. KIM
    Solicitor General

    LOREN L. ALIKHAN
    Deputy Solicitor General

    /s/ RICHARD S. LOVE
    RICHARD S. LOVE
    Senior Assistant Attorney General
    Office of the Solicitor General

    Office of the Attorney General
    441 4th Street, NW, Suite 600S
    Washington, D.C. 20001
December 2013    (202) 724-6635

## CERTIFICATE OF SERVICE

I certify that on December 24, 2013, a copy of this response to the Court's order directing the parties to file motions to govern future proceedings was served through the Court's ECF system, to:

Patrick J. Christmas
8403 Colesville Road, Suite 640
Silver Spring, MD 20910

                        /s/ RICHARD S. LOVE
                        RICHARD S. LOVE